### NATIONAL PERFUME CO. v. JACOBSON.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

HUSBAND AND WIFE (§ 25*)—AGENCY OF HUSBAND FOR WIFE—SALES—EVIDENCE.

     In an action for the price of perfume, ordered by defendant's husband and delivered to her store, where she dealt only in cigars, candies, and stationery, and immediately returned by her unopened, the only evidence that the husband had authority to purchase articles for defendant was the affirmative answer of defendant to the question, "As a rule people know the two of you as attending to the business most of the time?" *Held*, that a finding that the husband was the wife's agent was not justified.

     [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 148–151, 153, 154, 525; Dec. Dig. § 25.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the National Perfume Company against Pauline Jacobson. Judgment for plaintiff, and defendant appeals. Reversed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Jacob Kirschenbaum, of New York City, for appellant.
Louis A. Sable, of New York City, for respondent.

PER CURIAM. The recovery in this case was for a package containing perfume, ordered by defendant's husband and delivered to her store, where she dealt only in cigars, candies, and stationery, and immediately returned by her unopened. There was no evidence that the husband had authority to purchase articles for defendant, except the affirmative answer of defendant to the question:

"As a rule people know the two of you as attending to the business most of the time?"

This answer, in the form in which it was given, and particularly when read in the context of the testimony preceding it and following it, fails to justify a finding that the husband was the wife's agent. We may add that such authority is repeatedly denied by defendant.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.